**Win THEIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70060.

Agency No. A75–689–615.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 19, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

R. Wayne McMillan, McMillan & Tkach, LLP, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie Cayer Ohta, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

MEMORANDUM**

Petitioner Win Thein, a native and citizen of Burma, petitions for review of the denial by the Board of Immigration Appeals (BIA) of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). As the BIA summarily affirmed the decision of the Immigration Judge (IJ), we review the decision as if it were that of the BIA. *See Al–Harbi v. INS*, 242 F.3d 882, 887–88 (9th Cir.2001).

Although the IJ made comments suggesting that she did not believe Thein's testimony, the government conceded that no specific adverse credibility ruling was made. Therefore, we deem Thein's testimony to be credible. *See, e.g., Navas v. INS*, 217 F.3d 646, 652 n. 3 (9th Cir.2000).

The IJ erred in concluding that Thein did not have a well-founded fear of future persecution on the basis of political opinion as the record compels such a finding. Thein demonstrated both a genuine subjective fear of persecution and an objective basis for that fear, by adducing credible, direct, and specific evidence in the record supporting his reasonable fear of persecution. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998); *Ghaly v. INS*, 58 F.3d 1425, 1428 (9th Cir.1995).

Thein satisfied the subjective component, by credibly testifying that he genuinely fears persecution based on his political opinion. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). Thein sat-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

isfied the objective element by credibly testifying about his two imprisonments for political demonstrations, the five year political imprisonment of his father, the beating Thein endured at the hands of soldiers, a threat by the Burmese government that it would kill him if he returned to politics, and the disclosure of his recent political activity by a fellow protester to the government, which resulted in repeated inquiries by government officials into Thein's whereabouts, and the torture of his fellow protestor. Moreover, the dire political situation in Burma, as confirmed by State Department Country Reports, supports Thein's objective fear of returning. Therefore, we hold that Thein has established a well-founded fear of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181, 1183 (9th Cir.2003); *Mgoian v. INS*, 184 F.3d 1029, 1037 (9th Cir.1999). However, while we find that Thein has established at least a ten percent chance of persecution, we cannot say that the record compels a finding that it is more likely than not that Thein will be persecuted if he returns to Burma. *Al–Harbi*, 242 F.3d at 888 (9th Cir.2001). Therefore, we affirm the IJ's denial of withholding of removal and relief under CAT.

For the foregoing reasons, we **GRANT** the petition, **REVERSE** the IJ's determination that Thein did not have a well-founded fear of future persecution, and hold that Thein is eligible for asylum. We **AFFIRM** the IJ's denial of withholding of removal and relief under CAT. We **RE-MAND** for the Attorney General to exercise his discretion with respect to granting asylum.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.